Our fourth case for argument today is United States v. Sprenger. Ms. Christensen. Yes, Your Honor. May it please the Court, Counsel. Good morning. My name is Joanna Christensen and I represent the appellant, Adam Sprenger, in this case. The government, of course, has conceded that count one is no longer valid. So we're really talking today about the remedy for that error. Mr. Sprenger argues that his guilty plea is not knowing and voluntary and should be vacated along with the entire plea agreement. Ms. Christensen, could you explain to me why you were starting with a constitutional argument rather than starting with Rule 11? There is a serious problem about whether there was an adequate factual basis for the plea. But we don't start with the Constitution when there's an applicable statute or rule. So is there some reason why you've done so? I tend to start with the larger issue, the constitutional issue. I can certainly argue the Rule 11. The Supreme Court has said not to do that. I think you're generally well off urging the Court of Appeals to do what the Supreme Court itself is urging the Court of Appeals to do, which is to start with statutes and rules. Let me ask you one other question, and this is my big question in this case. Does your client really want the entire guilty plea to be vacated? Yes, Your Honor. Because it looks like that's digging his own grave. He'll lose the reduction for acceptance of responsibility. Charges will be reinstated. All the concessions made as part of this plea go away. That doesn't sound like something that is in your client's interest. Does he understand what's going on here? Yes, Your Honor. He absolutely understands. But for his insistence, this argument might be very different. The sticking point under Rule 11, particularly, is Count 2. Because the government's conceded, of course, there's not a factual basis for Count 1. I don't have a factual basis argument for Count 4. So a Rule 11 argument is whether Count 2 remains valid. And it's stipulated conduct, of course, not a conviction. But the underlying factual basis, once Count 1 is gone, Count 2 steers this plea agreement. And that's an issue. I don't understand that. How does it? It's just stipulated conduct. He didn't plead guilty to it. The judge could find it by a preponderance of the evidence. The judge could consider its sentencing just like he could consider what he did with respect to Count 1, whether it's criminal or not. Under the 3553 factors, I would suspect that the district judge, in this case, would consider your client's conduct that was alleged in Count 1. And I just don't understand why Count 2 matters at all. And I also don't understand why Count 4 does not stand alone. It stands alone in the plea agreement. It stands alone in the pre-sentence report. Here on page 4 of the plea agreement, he admits that he had pictures of a prepubescent minor and a minor who had not yet obtained 12 years of age. That clearly is not victim A. We know that. And then he admits that he had videos and images of children, some as young as toddlers, being forced to engage in horrible acts. I don't understand how Count 4 doesn't stand alone, and I don't understand what Count 2 has to do with this case. I think the government wants us to narrow Howard. I think that's what they want us to do. But I don't know other than that how it matters here. Right, Your Honor. I'll answer Count 4 first. I cannot and do not challenge the factual basis for Count 4. All of what you said is still valid. It's still in the facts. Mr. Springer admitted it. So, yes, Count 4 could stand on its own. The question is whether this plea agreement as a whole can still be valid. The way Count 2 really factors in this case is because it's stipulated conduct, it becomes the highest adjusted offense level under the guidelines. It's higher than Count 1. It's higher than Count 2. Its adjusted offense level is actually 40, where Count 1 was 38 and Count 2 was 36. Wait, wait, doesn't he get the five-year, doesn't he get the additional five levels no matter what? Yes, he does. But it still ends up lower based on the additional conduct in Count 2. And I believe the difference primarily is that he, well, sent one of the videos, transported the videos to another user in Count 2. He did not do that in Count 1. So that's the bump to offense level 40. That's why it makes a difference. But he, again, in Count 2, he didn't plead guilty. All he did was admit facts. Correct. He just admitted facts, right, which the district court could use at sentencing. Well, which the district court can use to enhance the guidelines. If it's just a 3553A factor, absolutely. The court can consider that conduct and all the rest of the conduct that's involved. What difference does Count 1 have to do with the facts that he admitted under Count 2? He would admit the same facts under Count 1. He would just say it's not illegal conduct. He would admit the same facts under Count 2 and say it's not illegal conduct, I think. Right. That's exactly where I am, is neither one of them are illegal conduct. I hate to complicate things further, but is that true of Count 2, the stipulated facts? Because his behavior in Count 2 differs from that which we saw in Howard and from that which we see in Count 1, at least as I read the stipulation, because he's touching the child, albeit through clothing, but there are cases that say that's still an inappropriate touching. So I really wondered if Count 2 might be a more serious count and might not fall under the Howard rule anyway. I think that Count 2 does fall under Howard because in Howard, this court noted, the defendant momentarily touched the victim, touched his penis to her face. This is also momentarily. It's a few seconds. The government says 10 seconds, and I certainly don't dispute that, but it is momentarily. So I believe that that does fall under Howard, and the question is whether the minor herself was engaged in sexually explicit conduct, not whether the defendant involved her in sexually explicit conduct, which I think the government is trying to expand Howard to that new factor or that switch of factors about who's engaged in sexually explicit conduct. So there is a problem with Count 2 here, and that probably is where the crux of this issue for Mr. Springer is, is that he has admitted to it as stipulated conduct, and under the guidelines it becomes a factor in the calculation. If it's no longer a factor, his guidelines may be lower, and of course the district court judge can then consider that, just like he'd consider all the rest of the conduct in this case. But if it's not controlling the guidelines, that's a much better place for Mr. Springer to be arguing from, from the count that he admitted to and continues to not challenge is Count 4. My argument is that the whole of the plea agreement is intertwined with all of this conduct that falls now under Howard and the other conduct. So unless the court has questions, I see I'm in my rebuttal time, and I'd like to reserve that. Certainly, Ms. Christensen. Thank you. Ms. Greenwald. Good morning, Your Honors. As has been noted, the government concedes the defendant's conviction of Count 1 under, of production under Count 1 is invalid under Howard. And, but Howard, as the defense has conceded, had no effect on the possession count. And the government would argue that the defendant hasn't been burdened under plain error review to show that Howard had any effect on the stipulated offense. So let me ask you this, Ms. Greenwald. This comes up here. The thing that bothers me a little bit about this is that there are many contexts in which defendants are raising a partial challenge, you know, to a guilty plea and stipulations. And we regularly say, and the government regularly urges, you know, it's just got to stand or fall on its own legs. You can't pick and choose. You can't carve things out, this out or that out. You just either have the plea or you don't. And so looking at that reasoning, I understand that there doesn't seem to be any dispute about the Count 4 activity, but why do we, when the government wants it, why do we dissect the plea agreement? When the defendant wants it, why do we not? Well, Your Honor, I would say, and I have done a lot of looking and a lot of research in this context. There is not a lot of cases where one count is over, where people plead to multiple counts. It certainly happens where people plead and the sentences may get changed and sent back. But there's not a lot of cases where someone's pled to more than one count, one gets turned out, and the other count has absolutely no bearing on the count that's been overturned.  I mean, it's one course of conduct, different episodes, if you will. But it's not like you somehow tried to combine a bank robbery and this child pornography offense, not that you necessarily could have, but these things, the sentences are imposed as a whole. We talk about a package. The judge will weigh one part against another. Absolutely, Your Honor, and this is not a sentencing package. This case in this context is coming under the whole Alford and Brady line of cases where the Supreme Court has said, and circuit courts have applied, the Eighth Circuit in Morgan, the Third Circuit in McKeever, that when you have one count that's independent of the others factually and legally that gets overturned by an intervening legal decision, and that decision has no impact on the remaining counts. The question becomes whether the defendant's guilty plea to those remaining counts remains a voluntary and intelligent choice among alternative courses of action open to him. And it's not enough under these cases that when he pled guilty, he may have thought the penalty was greater, or when he pled guilty, he may have thought the government's case was stronger. The issue is that when you plead guilty, you are taking a very solemn oath. You're admitting under oath. I understand, excuse me, but I thought these were grouped even. No, Your Honor, they are not grouped. Under the guideline, they are not grouped. They are expressly not grouped counts. They are not. These occur on different days. They occur with different victims. Can I ask you a question about the application of the guidelines just so I make sure that I understand it? Yes. Legal conduct cannot form the basis of a guideline calculation. Is that right? Would you agree with that? In other words, there's no time. In other words, with respect to count two, if the district court were to conclude he stipulated to the conduct he did not plead guilty to an offense, could the district court use the stipulated conduct under count two to determine the base offense level? No. The government has never had any interest in the defendant being convicted of a crime or a stipulated offense that he did not commit. Do you agree with me that if this case were remanded to resentencing on count four, the district court could consider the conduct to which he pled guilty to on count one in determining the sentencing? Yes. But that exists whether we throw out the plea agreement or not, right? Let's say we throw out the plea agreement and the case is resolved five years from now. The district court could still go back and say six years ago when you were before me, you made the following statements and you admitted to this conduct. And that's going to form a basis or at least a part of the basis for my 3553 calculation in determining what is an appropriate sentence. There's no problem with that under the rules of evidence, right? I'm not sure if this court were to throw out the plea, let him withdraw his plea agreement, if you can use the statements he made in his guilty plea. But I'm not sure about that. You can't use them at trial, but why can't you use them in sentencing? I don't know the answer to that, Your Honor. But what I do know is that regardless of his admissions, the evidence is overwhelming. It's on tape. It's on tape. By the way, it's interesting you say that because I'm going to ask you the reverse question that Judge Easterbrook asked Ms. Christensen. I know footnote 10 here, you state that the government retains the discretion to void the plea agreement and return to the plea stage. It chooses not to do so here. Are you sure that's what the government wants to do? Yes. In this case, yes. You know, in all cases, there are costs to the court, to the process, to victims, to witnesses, to everything, and that's our assessment in this case. And more importantly, that we believe in the legal principle that's at issue here, Your Honors, which is that when, and this goes to Judge Wood's question of why this case is different, Your Honor, this isn't a case like Bradley where the facts are intertwined, where at the time of the guilty plea, there's utter confusion as to what the indictment charged and what the defendants were pleading to, and everybody's confused. This is a case where everyone agreed on the facts, everyone agreed on the law, and an intervening decision of this court upset that apple cart as to one count, but as to the stipulated offense and to the pest possession count, what we agreed to at the guilty plea, both as to the facts and to the law, the government would urge under Howard, remains precisely the same. There has been no change, and when that independent factor is there, when there's an intervening independent act of a judicial decision that Alfred and Brady are controlling here, and those are the factors you look at, and that's what makes it different, Your Honor. That's when you ask Judge Wood, is it the government's choice, you know, this or that? This case has a legal principle that it's at the bottom, and the other thing I would add here is when it goes to our footnotes, I believe you said it was footnote 10. Judge, I don't have it in front of me. The point there is that the only parties whose interest is frustrated by the knocking out of count one is the government. The defendant has gotten a benefit. It was always in the defendant's interest to plead to fewer counts. Here he's now convicted of fewer counts. He's now convicted of one count rather than two, and rather than facing a mandatory minimum of 15 years and a maximum of 30, coupled with the 20 for possession he faced 50 years. He's now, because count one is gone, he now has no mandatory minimum, and the maximum he's sentenced he can receive, even with the stipulated offense, is the 20-year maximum on the remaining possession count. So the only party who's interested is the government. So the stipulated offense has nothing. I'm just looking in the plea agreement. Yes, Your Honor. On page 13 of your discussion of grouping under guideline 3D1.2, three separate groups, the stipulated offense carries the highest offense level at 40. It's one unit. The other two are a unit apiece. So they get woven together in accordance with 3D1.4. They do, Your Honor. There's an interdependence. I disagree, Your Honor. I thought what you meant by grouping. What do you think the final offense level is going to be? I actually calculated that a bit. And giving all, if you give everything to the defendant, So if you were to give him that now without counting count one, there's not multiple instances and things like that, he could, with the stipulated offense, without acceptance, he'd be looking at a 262-month minimum. With a stipulated offense, with acceptance, he'd be looking at a 188-month minimum. But remember, even without, it all gets capped by the 20 years. If he, without the stipulated offense, it's lower. It's definitely lower. There's no denying that. But what I meant by grouping, Your Honor, before was grouping, you know, like with drug offenses, where we group them. We don't have to turn to that. Where we turn to that, the D, that section you cited, is when the counts aren't related in that way. And that's the case here. I see my time is up. So unless the court has any other questions, the government would respectfully request that you vacate count one's conviction, you reject the defendant's request to withdraw from the remainder of the plea agreement, and that this court remand for resetting. Thank you, Ms. Greenwald. Anything further, Ms. Christensen? Yes, Your Honor. I want to address the guidelines and stipulated offenses, because under 1B1.2a, if the defendant has stipulated to conduct, and the stipulated conduct is more serious than the non-stipulated conduct or the convicted conduct, the stipulated conduct controls in the guidelines. So that becomes an issue. It's not grouped, but he still gets a multiple count adjustment, because count two counts as a separate count. Ms. Christensen, should the district court here determine whether the facts alleged in count two are sufficient to state a crime? In other words, if we remand on count four for resentencing and for determination by the district court that the facts in count two are sufficient or insufficient to determine whether or not they are a crime, why shouldn't we do that? I think under Howard, that's this court's purview, is to determine whether this is a crime has committed and the government's met that burden to have a factual basis for count two. Certainly, the district court could make that decision in the first instance. Because of the timing, of course, it isn't before the court, and it's within this court's discretion to send it back and have a hearing on this issue about whether it was knowing and voluntary. I'm unsure whether there are any additional facts that we don't know that would be relevant to that decision. Well, I don't either. I don't either. That's the reason for my question. Right. And I, of course, was on trial counsel, so I know exactly what the court knows that's in the record and in the briefs. I will end, of course, that Howard absolutely affects count two. The conduct mentioned in Howard is similar to Mr. Springer's conduct, and count two should be vacated as well. Unless the court has questions, I will ask that the court give that remedy to Mr. Springer. Thank you. Thank you, counsel. The case is taken under advisement.